**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SOPHIE MARGARET CORRIGAN,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No.: 1:26-cv-06012

Judge John J. Tharp, Jr.

Magistrate Judge M. David Weisman

### <u>DECLARATION OF KEITH A. VOGT</u>

I, Keith A. Vogt, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff, SOPHIE MARGARET CORRIGAN ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. Past investigation and discovery of online marketplace accounts reveals that Defendants appear to have provided false physical address information to the online platforms in order to avoid full liability and rely primarily on electronic communications to communicate with their third-party service providers and customers. For example, many of Defendants' names and physical addresses used to register the Defendant accounts are incomplete, contain randomly typed letters, fail to include cities or states, or use privacy services that conceal this information. Identical contact information among online stores also suggests that many of the aliases used to register the online stores are used by the same individual or entity. In my years of experience in

anticounterfeiting investigations, even if a purported address is provided on an e-commerce store, it is unlikely to be legitimate. Email has proven to be a reliable mechanism for quickly providing notice to internet store operators in similar cases. Indeed, thousands of defendants in cases I have overseen have confirmed receipt of actual notice via email.

3. An investigation of the internet stores operating under the Defendant Internet Stores identified in Amended Schedule A to the Complaint shows that few, if any, provide a reliable physical address on the internet store. In most instances, Defendants must provide an email address and physical address to third-party online marketplace platforms when registering their accounts. However, unlike an email address, which is typically verified by the third-party online marketplace platforms, no verification typically occurs for physical addresses. Since an internet store operator can input any physical address, such addresses are usually false and/or are not where the internet store operator is located. As such, even if such a physical address is available, it is not a reliable means for identifying and locating Defendants.

4. I have reviewed The Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China is a signatory. The Hague Convention does not preclude service by email, and the declarations to The Hague Convention filed by China do not appear to expressly prohibit email service.

5. Additionally, according to Article 1 of The Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." A true and correct copy of The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, and a list of signatory members, are collectively attached hereto as **Exhibit 1**.

6. I have researched whether the issuance of an order to serve process upon the Defendants by electronic mail pursuant to Fed. R. Civ. P. 4(f)(3) is contrary to or likely to offend the law of the People's Republic of China (the "PRC"). I located an English language version of the current Civil Procedure Law of the PRC, which was adopted on April 9, 1991. A true and correct copy of the Civil Procedure Law downloaded from Chinacourt.org, a website sponsored by the Supreme People's Court of the PRC, is attached hereto as **Exhibit 2**. Chapter VII, Section 2, of the Civil Procedure Law governs service of process. I am informed and believe that the law does not preclude the service of process by email and allows for alternate service of process in certain circumstances. For example, Article 84 of the law provides that, if the whereabouts of a recipient of the service is unknown, or if a document cannot be served by the other methods reflected in the law, a document shall be served by public announcement, a method even less likely to reach a defendant than service by email.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 27, 2026.

*/s/ Keith A. Vogt*
Keith A. Vogt
*Counsel for Plaintiff*