IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SOPHIE MARGARET CORRIGAN,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No. 1:26-cv-06012

Judge John J. Tharp, Jr.

Magistrate Judge M. David Weisman

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO ORDER [14]**

## I.      INTRODUCTION

Pursuant to the Court's minute order [14], Plaintiff Sophie Margaret Corrigan submits this Supplemental Brief on whether the Hague Service Convention applies to the Defendants in this case. Plaintiff has investigated each of the eighteen Defendants identified on the Amended Schedule A [11]. All eighteen are online sellers on Amazon who disclose a business address in the People's Republic of China. The investigation is described in the accompanying Declaration of Yanling Jiang ("Jiang Decl.") and its Exhibit A (per-Defendant address, map, and physical-premises investigation) and Exhibit B (PRC Tianyancha corporate-registry findings).

Plaintiff's investigation determined that the address is not known for sixteen of the Defendants. As to each, the address disclosed on the Amazon seller record has been ascertained but cannot be verified as that Defendant's address after the diligence *NBA Properties* requires. The Hague Service Convention is therefore inapplicable under Article 1, and electronic service under Rule 4(f)(3) is appropriate. For two of the Defendants, Plaintiff's investigation produced a registered Chinese-character legal name whose registered address matches the platform-disclosed

1

address character for character, with a complete building, floor, and unit designation, and with no adverse registry status. Plaintiff's investigation revealed a plausible, serviceable address, and Plaintiff will attempt to effectuate service via China's Central Authority under Article 5.

Plaintiff respectfully requests an order (1) granting the motion [12] as to expedited discovery for all eighteen Defendants; (2) allowing Plaintiff to provide notice to all Defendants of the expedited discovery order within seven (7) days of receiving complete identifying information from the platform; (3) granting the motion [12] as to service by email under Rule 4(f)(3) for the sixteen Defendants identified above; and (4) setting a Rule 4(m) deadline for Defendants Nos. 7 and 17 that accommodates Central Authority transmission.

## II.     LEGAL STANDARD

In *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, the Seventh Circuit held that where the Hague Service Convention applies, it forecloses service by email on a defendant located in China. 177 F.4th 793 (7th Cir. 2026); *see also* No. 25-2205, 2026 WL 1502198, at *6 (7th Cir. May 29, 2026). The threshold question, which *Kangol* did not resolve and expressly remanded, is whether the Convention applies at all.

The Convention does not apply "where the address of the person to be served with the document is not known." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 1, Nov. 15, 1965, 20 U.S.T. 362. Before an address may be deemed unknown, a plaintiff must make "reasonably diligent efforts to ascertain and verify [the] defendant's mailing address." *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021). *Kangol* described that standard as the one district courts handling Schedule A cases typically require, quoting *NBA Properties*, and remanded for the district court to apply it in the first instance. 177 F.4th at 799,

2026 WL 1502198, at *4.A plaintiff must both ascertain a listed address and verify it. Judge Bucklo applied a conjunctive formulation in vacating a default judgment where the plaintiff's substituted-service motion had pled the convenience of email rather than ascertain-and-verify diligence, holding that the diligence showing "should have been in the motion for substituted service, not presented afterwards." *Deckers Outdoor Corp. v. AKEANH6X696JN*, No. 25 C 15281, 2026 WL 1847507, at *3 (N.D. Ill. June 26, 2026); *accord Deckers Outdoor Corp. v. A AO*, No. 25 C 13065, 2026 WL 1802901, at *4-*5 (N.D. Ill. June23, 2026). Plaintiff places its per-Defendant diligence in this filing, before the Court rules on [12], which is the sequence those decisions require.

Additionally, a Google-only record is not diligence. Reasonable diligence "generally requires that the plaintiff ha[ve] attempted to obtain [the defendant's] address in a variety of ways." *Peanuts Worldwide LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 347 F.R.D. 316, 328 (N.D. Ill. 2024) (quoting *Smart Study Co. v. Acuteye-Us*, 620 F.Supp. 3d 1382, 1391 (S.D.N.Y. 2022). In *Peanuts*, the plaintiff argued an address was unknown because counsel could not locate it on Google Maps; the court held "this is not enough to show reasonable diligence," observing that "Google's search products do not consistently work in China," and the defendant defeated the Article 1 argument by producing Baidu results showing a location at the listed address. *Id.* Plaintiff has not made that mistake here. Every address in this record was run in simplified Chinese characters against Baidu Maps (百度地图) and Amap (高德地图), the two PRC-native mapping services, in addition to Google and Google Maps, and against the Tianyancha (天眼查) corporate registry by both the disclosed business name and the disclosed address.

Nor is mapping research the end of the inquiry. A court in this district has vacated a preliminary injunction where the plaintiff entered the defendant's Amazon business address into Google Maps, obtained five non-matching Shenzhen results, and stopped. The court held the

3

plaintiff "never . . . took the next reasonable step of actually investigating those addresses by sending a test mailing or an on-foot investigator, for example to determine whether any corresponded to Defendant Ahorasky's mailing address," and therefore concluded "that Plaintiff's investigation was not reasonably diligent, that the Hague Convention applies, and that service by email was impermissible." *Li v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 1:26-cv-03970, minute entry [63] (N.D. Ill. Aug. 11, 2026). (Rowland, J.). Plaintiff took that step. For five Defendants whose disclosed address survived both the map and registry passes, Plaintiff inspected the premises in person and by photograph. Those photographs are in Exhibit A and are discussed in Section IV.A.2 below.

### III.    PLAINTIFF'S PER-DEFENDANT INVESTIGATION

Under the regulations of the PRC State Administration for Market Regulation (国家市场监督管理总局, "SAMR"), a registered entity name comprises four components: an administrative-region prefix (行政区划), a distinctive trade-name component (字号), an industry descriptor (行业表述), and an organizational-form suffix (组织形式). A Request to the PRC Central Authority must identify the defendant by its registered Chinese-character legal name and must be accompanied by a Chinese translation, per the PRC's declaration under Article 5(3) of the Convention. The local intermediate people's court that executes the Request cannot reconcile a romanized or English-translated storefront identifier against the SAMR registry. Jiang Decl. ¶¶ 4, 5.

For each of the eighteen Defendants, Plaintiff's investigation comprised: (a) cataloging the business address disclosed on the Amazon seller record of the Defendants on the Amended Schedule A [11]; (b) re-capturing the live Amazon seller profile to test whether the disclosed address had changed; (c) verifying the disclosed address in simplified Chinese on Baidu Maps,

Amap, and Google Maps; (d) searching Tianyancha by the verbatim romanized business name the seller itself discloses on its profile, and separately by the disclosed Chinese-language address; (e) where a registered entity was returned, pulling its status, unified social credit code, legal representative, registered address, and any regulatory-status flags; and (f) for five Defendants whose address survived steps (c) and (d), physical inspection of the Defendants' premises. Jiang Decl. ¶¶ 3, 6. A summary of Plaintiff's findings is below, with full per-Defendant detail in Exhibits A and B to the Jiang Declaration.

| No. | Storefront | Registered entity returned | Address status | Conclusion | Proposed service |
|---|---|---|---|---|---|
| 1 | Jinwaftv | 谷城县意肆兮商贸有限公司 | Registered in Hubei; Amazon seller profile address in Sichuan | Address not known | Email / Rule 4(f)(3) |
| 2 | USAWenboco | 太原沟点电子商务有限公司 (cancelled); 深圳沟点文化传播有限公司 | Seller discloses two conflicting addresses | Address not known | Email / Rule 4(f)(3) |
| 3 | skyrockett | 永州市冷水滩区讯突互商贸有限公司 | Exact match; premises are a shared-registration park | Address not known | Email / Rule 4(f)(3) |
| 4 | yanuuw | 连云港鑫可科贸易有限公司 | Exact match; rural village-group designation | Address not known | Email / Rule 4(f)(3) |
| 5 | yalog | 咸丰县桂奕洋生物有限公司 | Exact match; self-declared resettlement apartment | Address not known | Email / Rule 4(f)(3) |
| 6 | 瞒床一佳架 | 广州荣瞒商贸有限公司 | Exact match; premises are a restaurant | Address not known | Email / Rule 4(f)(3) |
| **7** | **GICHUGI** | **太原鑫朦电子商务有限公司** | **Exact match, full unit, active, no flags** | **Convention applies** | **Central Authority / Art. 5** |
| 8 | Hazelerma | 海口市泰海百货有限公司 | Registered in Hainan; Amazon seller profile address in Shanxi; revoked | Address not known | Email / Rule 4(f)(3) |
| 9 | Spring WA | 广州巢晗叶贸易有限公司 | Exact match; premises are | Address not known | Email / Rule 4(f)(3) |

| No. | Storefront | Registered entity returned | Address status | Conclusion | Proposed service |
|---|---|---|---|---|---|
| | | | building-materials shops | | |
| 10 | MOOZC | 深圳市花梨堂实木家具有限公司 | Match to floor only, no unit; multi-tenant building | Address not known | Email / Rule 4(f)(3) |
| 11 | PBuild | 江西宜齐电子商务有限公司 | Exact match; workstation in an industrial park | Address not known | Email / Rule 4(f)(3) |
| 12 | JONCHO | 常州安广车辆配件有限公司 | Village group, no building; listed abnormal | Address not known | Email / Rule 4(f)(3) |
| 13 | SEAMAY | 上海丽月源健康管理有限公司 | Registered in Pudong; Amazon seller profile address in Jiading | Address not known | Email / Rule 4(f)(3) |
| 14 | lil LOKI | Multiple homophone entities, none at address | Entity identity unresolvable | Address not known | Email / Rule 4(f)(3) |
| 15 | Dear Cash | 广州万抚揭商贸有限公司 | Exact match; entity cancelled | Address not known | Email / Rule 4(f)(3) |
| 16 | Ogden Austin | 广州余垫仕商贸有限公司 | Exact match; regulator finds it unreachable there | Address not known | Email / Rule 4(f)(3) |
| **17** | **NING BO QIAN YI...** | **宁波千亿进出口有限公司** | **Exact match, full unit, active, no flags** | **Convention applies** | **Central Authority / Art. 5** |
| 18 | Xuda Maliu | 宁波昌凯科技有限公司 | Exact match to Amazon seller profile address; live profile now shows Wuhan | Address not known | Email / Rule 4(f)(3) |

## IV.     ARTICLE 1 APPLICABILITY PER DEFENDANT

### A. The Convention Does Not Apply to Sixteen Defendants Because Their Disclosed Addresses Cannot Be Verified

The sixteen Defendants fall into two patterns. For seven, the registry affirmatively contradicts the Amazon seller profile address or the registered entity no longer exists, so there is no address to verify. For nine, the Amazon seller profile address matches a registry record but fails verification on the facts of the premises themselves.

6

1. <u>Seven Defendants Whose Amazon Seller Profile address Is Contradicted by the Registry or Whose Entity Is Extinguished (Nos. 1, 2, 8, 13, 14, 15, 18)</u>

For these seven, the diligence did not produce a competing candidate address that could be submitted to the Central Authority. It produced a contradiction.

**No. 1 (Jinwaftv).** The disclosed business name returns a single registered entity, 谷城县意肆兮商贸有限公司 (USCC 91420625MAD6D87T01; legal representative 张金伟; active), registered at 湖北省襄阳市谷城县城关镇银城大道齐胜大厦D01-285号, a self-declared domicile (住所申报) in Gucheng County, Xiangyang, Hubei Province. The Amazon seller profile address is 工业东区万新路488号, Xindu District, Chengdu, Sichuan Province, roughly 1,000 kilometers away in a different province. A Hague Request permits one address, and the Central Authority does not investigate, choose between, or reconcile competing addresses. Ex. A, No. 1; Ex. B, No. 1; Jiang Decl. ¶ 7(a).

**No. 2 (USAWenboco).** This Defendant has disclosed two different business names and two different addresses at two different times. When Plaintiff collected its evidence, the profile disclosed aiyuangoudiandianzishangwuyouxiangongsi at 小店区解放南路1号泰吉通大厦507, Taiyuan, Shanxi, which is the Amazon seller profile address. The registry entity corresponding to that disclosure, 太原沟点电子商务有限公司 (USCC 91140105MA0LT45H6M; legal representative 马超杰), changed status from active to cancelled (注销) on February 11, 2026. On re-capture, the live profile discloses a different name, shenzhengoudianwenhuachuanboyouxiangongsi, and a different address, 龙岗区布吉街道文景社区广场路中安大厦1411, Shenzhen, Guangdong, matching a distinct registered entity, 深圳沟点文化传播有限公司 (USCC 91440300MA5GX17T5K; legal

representative 潘火梅). The Defendant's own disclosures conflict with each other, the entity behind the Amazon seller profile address disclosure is cancelled, and Plaintiff cannot determine in good faith which address was operative at the relevant time. Ex. A, No. 2; Ex. B, No. 2; Jiang Decl. ¶ 7(b).

**No. 8 (Hazelerma).** The only registered entity returned is 海口市泰海百货有限公司 (USCC 91460000MAC83TW488; legal representative 王培全), registered at 海南省海口市龙华区海垦街道海垦路82号303室 in Haikou, Hainan Province, and carrying the status 吊销，未注销 (business license revoked, not yet deregistered). The Amazon seller profile address is 东冶镇东街村永和堡7号, Wutai County, Xinzhou, Shanxi Province, roughly 2,500 kilometers away. The Amazon seller profile address is contradicted and the registered entity's license is revoked. Ex. A, No. 8; Ex. B, No. 8; Jiang Decl. ¶ 7(c).

**No. 13 (SEAMAY).** The registered entity, 上海丽月源健康管理有限公司 (USCC 91310115MA1H98C60P; legal representative 谢仕梅; active), is registered at 上海市浦东新区长清路92号1幢2层N室 in Pudong New District. The Amazon seller profile address, 菊园新区管委会陈家山路嘉宝梦之月, is in Jiading District, a different district of Shanghai, and names only a residential compound with no building or unit number. Neither address is verified as this Defendant's serviceable address: the Amazon seller profile address is not the registered one, and the Amazon seller profile address identifies no deliverable unit in any event. Ex. A, No. 13; Ex. B, No. 13; Jiang Decl. ¶ 7(d).

**No. 14 (lil LOKI).** The disclosed business name returns twenty matches. At least four active homophone trading companies rendering as "yuanying" are registered across four different Guangzhou districts, including 广州远盈商贸有限公司 (registered

白云区云城南三路393号605房之三房), 广州圆瀛商贸有限公司 (registered 南沙区南沙街道中围下街23号301房), and 广州市源盈商贸有限公司 (USCC 91440101MA9ULR5X0W; registered 番禺区大龙街美心商贸城商业二街18号). None is registered at the Amazon seller profile address, 天河区六运六街7号102铺. The romanized identifier the platform discloses does not resolve to any one registered entity, which is the textbook pattern practitioner authority describes as assured to fail if submitted to the Central Authority.[1] Plaintiff cannot determine which entity is the Defendant, and therefore cannot name a defendant or an address in a Request. Ex. A, No. 14; Ex. B, No. 14; Jiang Decl. ¶ 7(e).

**No. 15 (Dear Cash).** The registered entity at the Amazon seller profile address, 广州万抚揭商贸有限公司 (USCC 91440118MA9YD6PD75; legal representative 万揭), registered at 广州市增城区荔城街道通园中路46号303室, is cancelled (注销). The legal person is extinguished; service on it at the registered address would be futile, and no surviving entity is verified at that address. Ex. A, No. 15; Ex. B, No. 15; Jiang Decl. ¶ 7(f).

**No. 18 (Xuda Maliu).** The registry returns 宁波昌凯科技有限公司 (USCC 91330283MABNEWJ456; legal representative 李丹丹) at 浙江省宁波市奉化区锦屏街道南山路175号2049-10, which matches the Amazon seller profile address exactly. Two facts defeat verification. First, that registered address is self-declared

---

[1]Aaron Lukken, *Chinese company names, flawed addresses, and the high likelihood of Hague Service failure*, Hague Law Blog (Mar. 2024), https://www.haguelawblog.com/2024/03/chinese-company-names-flawed-addresses-and-the-high-likelihood-of-hague-service-failure/ (last visited Aug. 13, 2026) (only the Chinese-language name has legal status; naming a defendant by a trade name that is not its registered legal name is assured to fail); *see also* Aaron Lukken, *A Hague-compliant roadmap for service on "Schedule A" defendants*, Hague Law Blog (July 2024), https://www.haguelawblog.com/2024/07/a-hague-compliant-roadmap-for-service-on-schedule-a-defendants/ (last visited Aug. 13, 2026).

(自主申报) and its unit designation, 2049-10, is a workstation-style identifier rather than discrete premises. Second, and dispositively, the live seller profile now discloses an entirely different business address, 白沙洲大道张家湾鑫宇花园, Hongshan District, Wuhan, Hubei Province. The entity was also listed as operationally abnormal (经营异常) on July 1, 2026 for failure to publish its annual report. As with No. 2, the Defendant's own disclosures conflict and Plaintiff cannot designate one address in good faith. Ex. A, No. 18; Ex. B, No. 18; Jiang Decl. ¶ 7(g).

2. Nine Defendants Whose Amazon Seller Profile Address Could Not Be Verified (Nos. 3, 4, 5, 6, 9, 10, 11, 12, 16)

Fornine Defendants, the registered entity address matches the Amazon seller profile address. However, the address is not a location at which this Defendant can be served. For five of the nine, Plaintiff went beyond desk research and researched the Amazon seller profile in person and by photograph. The photographs are reproduced in Exhibit A.

**No. 3 (skyrockett).** 永州市冷水滩区讯突互商贸有限公司 (USCC 91431103MAETDL8M8M; legal representative 高转珠; active) is registered at 湖南省永州市冷水滩区凤凰街道高科技工业园中小企业创业园C栋、三层YZ-3161, matching the Amazon seller profile address. Physical inspection shows that Building C at that site is the 潇湘人力资源服务产业园 (Xiaoxiang Human Resources Service Industrial Park), whose second floor houses the park's customer service center (客服中心). The unit designation YZ-3161 is a workstation number within a shared-registration facility of that kind, not dedicated premises. A Request directed there would reach the park's registration desk, not the Defendant. Ex. A, No. 3; Ex. B, No. 3; Jiang Decl. ¶ 8(a).

**No. 6 (瞒床一佳架).** 广州荣瞒商贸有限公司 (USCC 91440111MAK0C09Q9F; legal representative 唐源; active) is registered at 广州市白云区永平红星路12号402房, matching the

Amazon seller profile address character for character. Physical inspection of 永平红星路12号 shows the ground floor is occupied by a 24-hour restaurant, 新潮味汤粉世家 (红星店), in a street-front row of small commercial units with residential flats on the upper floors and no building directory, lobby, or reception. Ex. A, No. 6; Ex. B, No. 6; Jiang Decl. ¶ 8(b).

**No. 9 (Spring WA).** 广州巢晗叶贸易有限公司 (USCC 91440106MAEQK77Q1U; legal representative 李正博; active) is registered at 广州市天河区柯木塱金铺北街23号103房, matching the Amazon seller profile address exactly. Physical inspection of the location shows the premises are occupied by building-materials businesses, including a glass and stainless-steel structural engineering shop trading as 东发玻璃 and an adjacent steel-pipe and scaffolding dealer, with their own signage, telephone numbers, and stock in the roadway. No business bearing the Defendant's name or the registered entity's name is present at the address. Ex. A, No. 9; Ex. B, No. 9; Jiang Decl. ¶ 8(c).

**No. 10 (MOOZC).** 深圳市花梨堂实木家具有限公司 (USCC 91440300MA5DGML92N; legal representative 马忠臣; active) is registered at 深圳市罗湖区翠竹街道水贝社区翠竹北路2109号维平大厦12栋3层, which matches the Amazon seller profile address. The address stops at building and floor and specifies no unit. Physical inspection shows 维平珠宝大厦 is a multi-story, multi-tenant jewelry-trade building with retail jewelry tenants at street level and controlled vehicle access. The third floor of that building contains multiple separately occupied units, and the record does not identify which, if any, is the Defendant's. An address that resolves only to a floor of a multi-tenant commercial building is not a deliverable address. Ex. A, No. 10; Ex. B, No. 10; Jiang Decl. ¶ 8(d).

**No. 11 (PBuild).** 江西宜齐电子商务有限公司 (USCC 91360981MAEL226L84; legal representative 赵金台; active) is registered at 江西省宜春市丰城市剑南路82号京东产业园2栋二楼2016-1-23室, matching the Amazon seller profile address exactly. Physical inspection shows the site is the 京东城市（丰城）数字经济产业园 (JD City (Fengcheng) Digital Economy Industrial Park), a gated campus, and that the Amazon seller profile address unit is a workstation-style registration address within it rather than occupied premises. Ex. A, No. 11; Ex. B, No. 11; Jiang Decl. ¶ 8(e).

The remaining four of the nine fail verification on the face of the address or on the PRC regulator's own findings, without the need for a site visit.

**No. 16 (Ogden Austin).** This is the clearest case in the group. 广州余垫仕商贸有限公司 (USCC 91440118MADJ05PE5X; legal representative 余仕芳) is registered at 广州市增城区石滩镇立新中路11号201房, matching the Amazon seller profile address character for character. On January 23, 2026, the Guangzhou Zengcheng District Market Supervision Administration (广州市增城区市场监督管理局) listed the entity as operationally abnormal (经营异常). The stated ground is 通过登记的住所或者经营场所无法联系的: the entity cannot be contacted through its registered domicile or place of business. The PRC administrative authority that maintains the very registry from which the address is drawn has formally determined that the entity is not reachable there. Plaintiff is aware of no stronger showing that a registered address is not a serviceable one. Ex. A, No. 16; Ex. B, No. 16; Jiang Decl. ¶ 9(a).

**No. 12 (JONCHO).** 常州安广车辆配件有限公司 (USCC 91320411MA1MEYQW5U; legal representative 蒋俊超) is registered at 常州市新北区孟河镇城南村11组, matching the Amazon seller profile address. That address is a village-group designation: it names a village and

a numbered group within it, with no road, no building number, and no unit. A village group may encompass dozens of households across a rural area. There is nothing for a Central Authority Request to designate and nothing for a judicial officer to deliver to. The entity was separately listed as operationally abnormal (经营异常) on July 7, 2026 by the Changzhou New District Market Supervision Administration for failure to publish its annual report. Ex. A, No. 12; Ex. B, No. 12; Jiang Decl. ¶ 9(b).

No. 4 (yanuuw). 连云港鑫可科贸易有限公司 (USCC 91320723MA25HEMM63; legal representative 王岩; active) is registered at 连云港市灌云县南岗镇深沟村五组33号, matching the Amazon seller profile address. The designation 深沟村五组33号 is a rural village-group household number rather than a commercial premises identifier. In rural China a group (组) number denotes a subdivision of a village and the following number a household within it; neither Baidu Maps nor Amap resolves the designation below the village and group-cluster level, and no building was located. Ex. A, No. 4; Ex. B, No. 4; Jiang Decl. ¶ 9(c).

No. 5 (yalog). 咸丰县桂奕洋生物有限公司 (USCC 91422826MAENDBLP2L; legal representative 龙洋; active) is registered at 湖北省恩施土家族苗族自治州咸丰县小村乡小村集镇二期安置房1-1-402, matching the Amazon seller profile address, and expressly marked 自主申报, meaning the registrant declared the address itself and the registry did not verify it. The premises are a unit in Phase II resettlement housing (安置房), that is, a residential apartment rather than business premises, and the mapping services resolve only to the township. Ex. A, No. 5; Ex. B, No. 5; Jiang Decl. ¶ 9(d).

For each of these sixteen Defendants, therefore, the ascertained address cannot be verified as a serviceable location connected to that Defendant. Article 1's "address not known" provision applies, the Convention does not, and email service under Rule 4(f)(3) is proper.

### B. The Convention Applies to Defendants Nos. 7 and 17, and Plaintiff Will Proceed Through the Central Authority

Plaintiff does not press an Article 1 argument as to two Defendants, and states the reason so the Court can see the line Plaintiff is drawing.

**No. 7 (GICHUGI).** The disclosed business name returns one registered entity, 太原鑫朦电子商务有限公司 (USCC 91140105MAK31N741E; legal representative 杨鑫蒙), status 存续 (active), registered at 山西省太原市小店区长风街705号（和信商业广场）1幢（塔楼）29层2904. That matches the Amazon seller profile address character for character, including commercial complex, building, tower designation, floor, and room. The registry reports no abnormal-operation listing, no revocation, and no cancellation. Ex. A, No. 7; Ex. B, No. 7; Jiang Decl. ¶ 10(a).

**No. 17 (NING BO QIAN YI JIN CHU KOU YOU XIAN GONG SI).** The disclosed name returns 宁波千亿进出口有限公司 (USCC 91330212MA2J3CD18A; legal representative 徐如芬), status 存续 (active), registered at 浙江省宁波市鄞州区首南街道泰安中路158号702室-5, matching the Amazon seller profile address character for character including room and sub-unit. The registry reports no adverse status. Ex. A, No. 17; Ex. B, No. 17; Jiang Decl. ¶ 10(b).

For these two Defendants Plaintiff holds what the Convention requires: a registered Chinese-character legal name and a registered address, complete to the unit, that matches what the

14

Defendant itself disclosed. Plaintiff will prepare and transmit Requests for Service to the PRC Ministry of Justice International Legal Cooperation Center under Article 5. Because Central Authority transmission to and execution within the PRC routinely takes twelve months or longer, Plaintiff respectfully requests that the Court set a Rule 4(m) deadline for Nos. 7 and 17 that accommodates that period, and Plaintiff will report on the status of those Requests at intervals the Court directs.

### V.    EXPEDITED DISCOVERY AND PLAINTIFF'S CONTINUING OBLIGATION

The motion [12] also seeks expedited discovery, which the Court has not yet ruled on. That relief is warranted as to all eighteen Defendants and is independent of the Hague question. Expedited discovery directed to Amazon and to the payment processors is the mechanism most likely to produce identifying and address information that the public record does not contain, including for the Defendants whose disclosed addresses this brief shows to be unverifiable.

Plaintiff further represents that its Article 1 showing is not a one-time determination. If discovery produces a verified physical address for a Defendant served by email under Rule 4(f)(3), Plaintiff will report that fact to the Court and will re-tier that Defendant to Central Authority service rather than rely on the finding made in this filing.

Additionally, the Court instructed Plaintiff to "provide notice of the defendants of [Plaintiff's] intent to pursue expedited discovery." [14]. However, Plaintiff is unable to provide such notice as Plaintiff does not possess any verified contact information for the Defendants. The identifying and contact information sought through the proposed expedited discovery order is precisely what Plaintiff needs in order to notify Defendants of the proceedings. Accordingly, Plaintiff requests that the Court permit Plaintiff to provide notice of the expedited discovery order to all eighteen Defendants within seven (7) days of receiving full identifying information from the

platform, thereby ensuring that all parties receive meaningful notice of Plaintiff's discovery efforts.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant the motion [12] as to expedited discovery for all eighteen Defendants;

2. Grant Plaintiff leave to provide notice to all Defendants of the expedited discovery order within seven (7) days of receiving complete identifying information from the platform;

3. Find that the Hague Service Convention does not apply to Defendants Nos. 1 through 6, 8 through 16, and 18 because their addresses are not known within the meaning of Article 1, and grant the motion [12] as to service by email on those Defendants under Rule 4(f)(3); and

4. Find that the Convention applies to Defendants Nos. 7 and 17, and set a Rule 4(m) deadline as to those two Defendants that accommodates Central Authority transmission and execution.

DATED: August 14, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
Email: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

16