**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SOPHIE MARGARET CORRIGAN,

     Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

     Defendants.

Case No. 1:26-cv-06012

Judge John J. Tharp, Jr.

Magistrate Judge M. David Weisman

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1.     I am Yanling Jiang. I am an attorney at JiangIP LLC, one of counsel for Plaintiff Sophie Margaret Corrigan in this action, and I have appeared in this matter [5]. I am admitted to practice law in the States of Illinois and California, and before this Court. I make this Declaration in support of Plaintiff's Supplemental Brief in Response to Minute Entry Order [14] on the applicability of the Hague Service Convention. I have personal knowledge of the matters stated herein, except where stated on information and belief, and if called to testify could and would do so competently.

2.     The matters stated below regarding (a) the structure of registered company names under the law of the People's Republic of China ("PRC"), (b) the operation of the PRC State Administration for Market Regulation's entity registry, (c) the Chinese-language platform records of the eighteen Defendants identified on the operative Amended Schedule A [11], and (d) the practical operation of Hague Service Convention execution by the local intermediate people's courts in the PRC, rest on the following bases: I was born and raised in the People's

1

Republic of China, where I resided for approximately twenty years before relocating to the United States; I am a native speaker of Mandarin Chinese with full reading and writing proficiency in simplified Chinese characters; I have personally reviewed each of the platform-disclosed records and Chinese-language registry records described in this Declaration; and I have direct professional familiarity with the registration conventions of the PRC entity-registration system and the civil-procedure practices of the local intermediate people's courts described herein.

3.　　　By minute order entered June 3, 2026 [14], the Court took Plaintiff's motion for electronic service of process and expedited discovery [12] under advisement and instructed Plaintiff to file supplemental briefing on whether the Hague Convention applies to this case. This Declaration addresses that question by setting out the defendant-specific investigation I directed and supervised as to each of the eighteen Defendants identified on the operative Amended Schedule A [11]. All eighteen are online sellers on Amazon who disclose a business address in the PRC.

**The investigation I directed**

4.　　　Under the regulations of the PRC State Administration for Market Regulation (国家市场监督管理总局, "SAMR"), a registered entity name comprises four components: an administrative-region prefix (行政区划), a distinctive trade-name component (字号), an industry descriptor (行业表述), and an organizational-form suffix (组织形式). A Request to the PRC Central Authority must identify the defendant by its registered Chinese-character legal name. The local intermediate people's court that executes the Request cannot reconcile a romanized or English-translated storefront identifier against the SAMR registry.

5. The PRC has declared under Article 5(3) of the Convention that documents transmitted for service must be written in, or accompanied by a translation into, the Chinese language. That declaration applies to the identification of the addressee as well as to the documents served.

6. At my direction, Plaintiff's counsel and a China-based legal research associate conducted a defendant-specific investigation of each Defendant. For each of the eighteen Defendants, the investigation comprised: (a) cataloging the business address disclosed on the Amazon seller record profiled that appears on the operative Amended Schedule A [11]; (b) re-capturing the live Amazon seller profile to determine whether the disclosed business name or address had changed since Plaintiff collected its evidence; (c) verifying the disclosed address in simplified Chinese characters on Baidu Maps (百度地图), Amap (高德地图), and Google Maps; (d) searching the Tianyancha (天眼查) PRC business-registry portal by the verbatim romanized business name disclosed on the seller profile and, separately, by the disclosed Chinese-language address; (e) where the registry returned a candidate entity, pulling that entity's registered name, unified social credit code, legal representative, registration status, registered address, and any regulatory-status flags; and (f) for five Defendants whose Amazon seller profile address survived both the mapping and registry passes, physical inspection of the Amazon seller profile premises. The per-Defendant address, mapping, and physical-inspection results are set out in Exhibit A. The corresponding PRC corporate-registry findings are set out in Exhibit B.

**Seven Defendants whose Amazon seller profile address is contradicted by the registry or whose registered entity is extinguished**

7.    For seven Defendants, the investigation did not produce an alternative address capable of being submitted to the Central Authority. It produced a contradiction between the Amazon seller profile address and the registry record, or an entity that no longer exists:

a.    **Defendant No. 1 (Jinwaftv).** The disclosed business name returned a single registered entity, 谷城县意肆兮商贸有限公司 (USCC 91420625MAD6D87T01; legal representative 张金伟; status 存续, active), registered at 湖北省襄阳市谷城县城关镇银城大道齐胜大厦D01-285号, a self-declared domicile (住所申报) in Gucheng County, Xiangyang, Hubei Province. The Amazon seller profile address is 工业东区万新路488号, Xindu District, Chengdu, Sichuan Province, approximately 1,000 kilometers away in a different province. See Ex. A, No. 1; Ex. B, No. 1.

b.    **Defendant No. 2 (USAWenboco).** This Defendant has disclosed two different business names and two different business addresses at two different times. At the time Plaintiff collected its evidence, the seller profile disclosed the business name aiyuangoudiandianzishangwuyouxiangongsi and the address 小店区解放南路1号泰吉通大厦507, Taiyuan, Shanxi Province, which is the Amazon seller profile address. The registered entity corresponding to that disclosure, 太原沟点电子商务有限公司 (USCC 91140105MA0LT45H6M; legal representative 马超杰), changed status from 存续 (active) to 注销 (cancelled) on February 11, 2026. On re-capture of the live seller profile, the Defendant discloses a different business name, shenzhengoudianwenhuachuanboyouxiangongsi, and a different address, 龙岗区布吉

4

街道文景社区广场路中安大厦1411, Shenzhen, Guangdong Province, which matches the registered address of a distinct entity, 深圳沟点文化传播有限公司 (USCC 91440300MA5GX17T5K; legal representative 潘火梅; status 存续). See Ex. A, No. 2; Ex. B, No. 2.

    c.    **Defendant No. 8 (Hazelerma).** The only registered entity returned was 海口市泰海百货有限公司 (USCC 91460000MAC83TW488; legal representative 王培全), registered at 海南省海口市龙华区海垦街道海垦路82号303室 in Haikou, Hainan Province, and carrying the status 吊销，未注销 (business license revoked, not yet deregistered). The Amazon seller profile address is 东冶镇东街村永和堡7号, Wutai County, Xinzhou, Shanxi Province, approximately 2,500 kilometers away in a different province. See Ex. A, No. 8; Ex. B, No. 8.

    d.    **Defendant No. 13 (SEAMAY).** The registered entity returned was 上海丽月源健康管理有限公司 (USCC 91310115MA1H98C60P; legal representative 谢仕梅; status 存续), registered at 上海市浦东新区长清路92号1幢2层N室 in Pudong New District, Shanghai. The Amazon seller profile address, 菊园新区管委会陈家山路嘉宝梦之月, is in Jiading District, a different district of Shanghai, and identifies only a residential compound with no building or unit number. See Ex. A, No. 13; Ex. B, No. 13.

    e.    **Defendant No. 14 (lil LOKI).** The disclosed business name returned twenty matches. At least four active homophone trading companies rendering in pinyin as "yuanying" are registered across four different districts of Guangzhou, including 广

州远盈商贸有限公司 (registered 白云区云城南三路393号605房之三房), 广州圆瀛商贸有限公司 (registered 南沙区南沙街道中围下街23号301房), and 广州市源盈商贸有限公司 (USCC 91440101MA9ULR5X0W; registered 番禺区大龙街美心商贸城商业二街18号). None of the inspected registered addresses matches the Amazon seller profile address, 天河区六运六街7号102铺, and the address-based search at the Amazon seller profile address returned no registered entity. I am unable to determine which registered entity, if any, is this Defendant. See Ex. A, No. 14; Ex. B, No. 14.

f.     **Defendant No. 15 (Dear Cash).** The registered entity at the Amazon seller profile address, 广州万抚揭商贸有限公司 (USCC 91440118MA9YD6PD75; legal representative 万揭), registered at 广州市增城区荔城街道通园中路46号303室, is 注销 (cancelled). The legal person is extinguished. See Ex. A, No. 15; Ex. B, No. 15.

g.     **Defendant No. 18 (Xuda Maliu).** The registry returned 宁波昌凯科技有限公司 (USCC 91330283MABNEWJ456; legal representative 李丹丹; status 存续) at 浙江省宁波市奉化区锦屏街道南山路175号2049-10, matching the Amazon seller profile address exactly. That registered address is marked 自主申报 (self-declared) and its unit designation, 2049-10, is a workstation-style identifier. On re-capture of the live seller profile, this Defendant now discloses a different business address, 白沙洲大道张家湾鑫宇花园, Hongshan District, Wuhan, Hubei Province. The entity was listed as operationally abnormal (经营异常) on July 1, 2026 by the Fenghua District Market Supervision Administration of Ningbo for failure to publish its annual report within the

6

period prescribed by the Interim Regulations on the Publication of Enterprise Information. See Ex. A, No. 18; Ex. B, No. 18.

**Five Defendants whose Amazon seller profile address matched the registry and whose premises were inspected**

8. For five Defendants, the registry pass returned a registered entity whose registered address matched the Amazon seller profile address, and the Amazon seller profile premises were physically inspected and photographed as part of the investigation I directed. The photographs reproduced in Exhibit A for these Defendants are true and correct copies of photographs taken during that inspection. My findings are as follows:

a. **Defendant No. 3 (skyrockett).** 永州市冷水滩区讯突互商贸有限公司 (USCC 91431103MAETDL8M8M; legal representative 高转珠; status 存续) is registered at 湖南省永州市冷水滩区凤凰街道高科技工业园中小企业创业园C栋、三层YZ-3161, matching the Amazon seller profile address. Inspection of the premises shows that Building C at that site bears the name 潇湘人力资源服务产业园 (Xiaoxiang Human Resources Service Industrial Park) and that the park's customer service center (客服中心) occupies the second floor. Based on my familiarity with PRC registration practice, a unit designation of the form YZ-3161 within a facility of that character denotes a workstation in a shared-registration or agency arrangement rather than premises occupied by the registrant. See Ex. A, No. 3; Ex. B, No. 3.

b. **Defendant No. 6 (瞒床一佳架).** 广州荣瞒商贸有限公司 (USCC 91440111MAK0C09Q9F; legal representative 唐源; status 存续) is registered at 广州市白云区永平红星路12号402房, matching the Amazon seller profile address character for character. Inspection of 永平红星路12号 shows the ground floor is

7

occupied by a 24-hour restaurant operating as 新潮味汤粉世家 (红星店), within a street-front row of small commercial units with residential flats above and no building directory, lobby, or reception desk. See Ex. A, No. 6; Ex. B, No. 6.

c. **Defendant No. 9 (Spring WA).** 广州巢晗叶贸易有限公司 (USCC 91440106MAEQK77Q1U; legal representative 李正博; status 开业) is registered at 广州市天河区柯木塱金铺北街23号103房, matching the Amazon seller profile address exactly. Inspection of the location shows the premises are occupied by building-materials businesses, including a glass and stainless-steel structural engineering shop trading under the name 东发玻璃 and an adjacent steel-pipe and scaffolding dealer, each with its own signage, posted telephone numbers, and stock stored in the roadway. No business bearing this Defendant's storefront name or the registered entity's name was observed at the address. See Ex. A, No. 9; Ex. B, No. 9.

d. **Defendant No. 10 (MOOZC).** 深圳市花梨堂实木家具有限公司 (USCC 91440300MA5DGML92N; legal representative 马忠臣; status 存续) is registered at 深圳市罗湖区翠竹街道水贝社区翠竹北路2109号维平大厦12栋3层, matching the Amazon seller profile address. The address specifies a building and a floor and does not specify a unit. Inspection shows 维平珠宝大厦 is a multi-story, multi-tenant jewelry-trade building with retail jewelry tenants at street level and controlled vehicle access at the entrance. The third floor of that building contains multiple separately occupied units, and the investigation was unable to identify which, if any, is occupied by this Defendant. See Ex. A, No. 10; Ex. B, No. 10.

e. **Defendant No. 11 (PBuild).** 江西宜齐电子商务有限公司 (USCC 91360981MAEL226L84; legal representative 赵金台; status 存续) is registered at 江西省宜春市丰城市剑南路82号京东产业园2栋二楼2016-1-23室, matching the Amazon seller profile address exactly. Inspection shows the site is the 京东城市（丰城）数字经济产业园 (JD City (Fengcheng) Digital Economy Industrial Park), a gated campus. Based on the inspection and on my familiarity with PRC registration practice, the Amazon seller profile address unit designation 2016-1-23室 is a workstation-style registration address within that park rather than premises occupied by the registrant. See Ex. A, No. 11; Ex. B, No. 11.

**Four Defendants whose Amazon seller profile address fails verification on the face of the address or on the PRC regulator's own findings**

9. For four further Defendants, the Amazon seller profile address matched a registry record but cannot be verified as a serviceable address for reasons apparent from the address itself or from the determinations of the PRC administrative authorities:

a. **Defendant No. 16 (Ogden Austin).** 广州余垫仕商贸有限公司 (USCC 91440118MADJ05PE5X; legal representative 余仕芳; status 开业) is registered at 广州市增城区石滩镇立新中路11号201房, matching the Amazon seller profile address character for character. On January 23, 2026, the Guangzhou Zengcheng District Market Supervision Administration (广州市增城区市场监督管理局) listed this entity as operationally abnormal (经营异常). The stated ground for the listing is 通过登记的住所或者经营场所无法联系的, which means that the entity could not be contacted through its registered domicile or place of business. That determination was made by

9

the PRC administrative authority that maintains the registry from which the address is drawn. See Ex. A, No. 16; Ex. B, No. 16.

b. **Defendant No. 12 (JONCHO).** 常州安广车辆配件有限公司 (USCC 91320411MA1MEYQW5U; legal representative 蒋俊超; status 在业) is registered at 常州市新北区孟河镇城南村11组, matching the Amazon seller profile address. The designation 城南村11组 identifies a village and a numbered group within that village. It contains no road name, no building number, and no unit. Based on my knowledge of PRC rural address conventions, a village group may encompass dozens of households distributed across a rural area, and such a designation does not identify a location to which a judicial officer can deliver process. The entity was separately listed as operationally abnormal (经营异常) on July 7, 2026 by the Changzhou National Hi-Tech District (Xinbei District) Market Supervision Administration for failure to publish its annual report within the prescribed period. See Ex. A, No. 12; Ex. B, No. 12.

c. **Defendant No. 4 (yanuuw).** 连云港鑫可科贸易有限公司 (USCC 91320723MA25HEMM63; legal representative 王岩; status 在业) is registered at 连云港市灌云县南岗镇深沟村五组33号, matching the Amazon seller profile address. The designation 深沟村五组33号 is a rural village-group household number rather than a commercial premises identifier. In rural China a group (组) number denotes a subdivision of a village and the number following it a household within that subdivision. Neither Baidu Maps nor Amap resolved the designation below the village and group-cluster level, and no building corresponding to number 33 was located. See Ex. A, No. 4; Ex. B, No. 4.

d. **Defendant No. 5 (yalog).** 咸丰县桂奕洋生物有限公司 (USCC 91422826MAENDBLP2L; legal representative 龙洋; status 存续) is registered at 湖北省恩施土家族苗族自治州咸丰县小村乡小村集镇二期安置房1-1-402, matching the Amazon seller profile address, and expressly marked 自主申报, meaning that the registrant declared the address itself and the registry did not verify it. The premises identified are a unit within Phase II resettlement housing (安置房), which is residential housing rather than business premises, and the mapping services resolved only to the township. See Ex. A, No. 5; Ex. B, No. 5.

**Two Defendants for whom the Amazon seller profile address is verified**

10. For two Defendants, the investigation produced both a registered Chinese-character legal name and a registered address, complete to the unit, that matches the address the Defendant disclosed on its Amazon seller profile, with no adverse registry status. I do not conclude that the addresses of these two Defendants are unknown:

a. **Defendant No. 7 (GICHUGI).** The disclosed business name returned one registered entity, 太原鑫朦电子商务有限公司 (USCC 91140105MAK31N741E; legal representative 杨鑫蒙; status 存续, active), registered at 山西省太原市小店区长风街705号（和信商业广场）1幢（塔楼）29层2904. That registered address matches the Amazon seller profile address character for character, including the commercial complex name, building, tower designation, floor, and room number. The registry reports no abnormal-operation listing, no revocation, and no cancellation for this entity. See Ex. A, No. 7; Ex. B, No. 7.

11

b. **Defendant No. 17 (NING BO QIAN YI JIN CHU KOU YOU XIAN GONG SI).** The disclosed business name returned five matches, of which 宁波千亿进出口有限公司 (USCC 91330212MA2J3CD18A; legal representative 徐如芬; status 存续, active) is registered at 浙江省宁波市鄞州区首南街道泰安中路158号702室-5. That registered address matches the Amazon seller profile address character for character, including room and sub-unit designation. The registry reports no adverse status for this entity. See Ex. A, No. 17; Ex. B, No. 17.

11. Based on the foregoing, it is my opinion that Plaintiff holds, for Defendants Nos. 7 and 17, the two elements a Request to the PRC Central Authority requires in order to be capable of execution: the defendant's registered Chinese-character legal name in the four-element SAMR structure described in paragraph 4, and a verifiable registered address corresponding to that named entity. I understand that Plaintiff will prepare and transmit Requests for Service as to those two Defendants under Article 5 of the Convention.

12. For the remaining sixteen Defendants, based on the investigation described above, the address disclosed on the platform record has been ascertained but cannot be verified as a serviceable location connected to that Defendant. Submitting a Request to the PRC Central Authority naming any of those sixteen Defendants at its Amazon seller profile address would not, in my opinion, produce service capable of execution by the local intermediate people's court with jurisdiction over that address.

13. Exhibits A and B are true and correct copies of the documents and records they purport to be, prepared in the course of the investigation I directed and supervised.

12

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 14, 2026.

/s/ Yanling Jiang
Yanling Jiang
*Counsel for Plaintiff*