**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SOPHIE MARGARET CORRIGAN,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | **Case No. 26-cv-06012**<br><br>**Judge John J. Tharp, Jr.**<br><br>**Magistrate Judge M. David Weisman** |

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff SOPHIE MARGARET CORRIGAN ("Corrigan" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Corrigan having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

Corrigan having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that Corrigan has provided a basis to conclude that Defaulting Defendants have sold products using infringing versions of Corrigan's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-467-298; VA 2-467-885; VA 2-467-824; VA 2-467-834; and VA 2-467-826 (the "Sophie Corrigan Works") to residents of Illinois.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. §§ 106 and 504, *et seq.*).

Accordingly, this Court orders that Corrigan's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Sophie Corrigan Works in any manner without the express authorization of Plaintiff;

   b. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Corrigan, or are sponsored by, approved by, or otherwise connected with Corrigan; and

   c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Corrigan, nor authorized by Corrigan to be sold or offered for sale, and which bear any of Corrigan's registered copyrights, including

the Sophie Corrigan Works, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Sophie Corrigan Works or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Sophie Corrigan Works.

3. Upon Corrigan's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Sophie Corrigan Works.

4. Pursuant to 17 U.S.C. § 504(c)(2), Corrigan is awarded statutory damages from each of the Defaulting Defendants in the amount of five thousand dollars ($5,000) for willful use of infringing Sophie Corrigan Works on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon are hereby released to Corrigan as partial payment of the above-identified damages, and Third Party Providers, including Amazon are ordered to release to Corrigan the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Corrigan has recovered full payment of monies owed to Plaintiff by any Defaulting Defendant, Corrigan shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Corrigan identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Corrigan may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at and any e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Final Judgment.

Date: September 29, 2026

John J. Tharp, Jr.
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | [redacted] |
| 2 | USAWenboco |
| 3 | [redacted] |
| 4 | yanuuw |
| 5 | yalog |
| 6 | 瞒床一佳架 |
| 7 | [redacted] |
| 8 | Hazelerma |
| 9 | Spring WA |
| 10 | MOOZC |
| 11 | PBuild |
| 12 | JONCHO |
| 13 | SEAMAY |
| 14 | lil LOKI |
| 15 | Dear Cash |
| 16 | Ogden Austin |
| 17 | NING BO QIAN YI JIN CHU KOU YOU XIAN GONG SI |
| 18 | [redacted] |